Concrete Industries, Inc. v. Dobson Brothers Construction et al                                      Doc. 23
Case: 8:07-cv-00192-RGK-DLP   Document #: 23   Date Filed: 05/21/2007   Page 1 of 9
Case 6:06-cv-01325-WEB-KMH   Document 23   Filed 05/17/2007   Page 1 of 9

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

Concrete Industries, Inc., a Division )
of United Building Centers, )
 )
            Plaintiff, )
 )
v. )   Case No. 06-1325-WEB
 )
Dobson Brothers Construction )
Company and Western Surety )
Company, )
 )
            Defendants. )

MEMORANDUM AND ORDER

Now before the Court is Defendants' joint motion to dismiss for improper venue under Federal Rule of Civil Procedure 12(b)(3) or in the alternative Defendants' joint motion to transfer under 28 U.S.C. § 1404 to the United States District Court for the District of Nebraska. Concrete Industries, Inc. ("Concrete Industries"), a concrete supply company, is suing Dobson Brothers Construction Company ("Dobson Brothers"), a general contractor, and Western Surety Company ("Western Surety"), the surety holder for Dobson Brothers under a payment bond, for breach of contract. The Court has jurisdiction over this case under 28 U.S.C. § 1332.

"Venue refers to the place where a lawsuit should be brought." *Universal Premium Acceptance Corp. v. Oxford Bank & Trust,* 277 F. Supp. 2d 1120, 1129 (D. Kan. 2003). Many courts, including those in this circuit, enforce forum selection clauses under a motion to dismiss for improper venue under 12(b)(3). *Black & Veatch Constr., Inc., v. ABB Power Generation, Inc.,* 123 F. Supp. 2d 569, 579 (D. Kan. 2000); *Riley v. Kingsley Underwriting Agencies, Ltd.,* 969 F.2d 953, 956-57 (10th Cir. 1992). Facts outside the pleadings may be properly considered on a motion to



RECEIVED
MAY 21 2007
CLERK
U.S. DISTRICT COURT

Dockets.Justia.com

dismiss for improper venue. *See Topliff v. Atlas Air, Inc.*, 60 F. Supp. 2d 1175, 1176-77 (D. Kan.1999); FED. R. CIV. P. 12(b). Factual disputes should be resolved in favor of the plaintiff. *M.K.C. Equip. Co. v. M.A.I.L. Code, Inc.*, 843 F. Supp. 679, 683 (D. Kan. 1994).

## FACTS

1. Dobson Brothers entered into a contract with the City of Garden City, Kansas for the construction of a taxiway at the Garden City Regional Airport. (Def. Ex. 1, Olson Aff. ¶ 4; Pl. Ex. 1, Jackson Aff. ¶ 3).

2. Dobson Brothers is incorporated in the State of Nebraska but does construction work throughout the Midwest. (Def.. Ex. 1, Olson Aff. ¶ 3).

3. Dobson Brothers acted as general contractor on the taxiway project and solicited bids from subcontractors and suppliers. (Def. Ex. 1, Olson Aff. ¶ 5).

4. Concrete Industries is a division of United Building Centers, which is located in Garden City, Kansas. (Pl. Ex. 1, Jackson Aff. ¶ 2).

5. On July 27, 2005, Concrete Industries sent a bid quotation for the taxiway project to the corporate office of Dobson Brothers in Lincoln, Nebraska. (Def. Ex. 1, Olson Aff. ¶ 5; Pl. Ex. 1, Jackson Aff. ¶ 4).

6. Concrete Industries communicated directly with Dobson Brothers' corporate office in Lincoln, Nebraska in an effort to secure the purchase order contract. (Def. Ex. 1, Olson Aff. ¶ 5).

7. On October 5, 2005, Dobson Brothers sent Concrete Industries a purchase order for work on the taxiway project. (Def. Supp. Ex. 1, Olson Supp. Aff. ¶ 3).

8. The purchase order stated: "Please furnish us with the material described below in accordance with the conditions and terms noted on the face and reverse side of this order." (Def.

Ex. 1, Olson Ex. Attach. A; Pl. Ex. 1, Jackson Aff. Ex. D). One of the terms on the back of the purchase order stated: "This purchase Order and any claims or matters hereunder shall be governed by the laws of the State of Nebraska and any action pertaining to the Purchase Order shall be brought in the appropriate courts in Lancaster County, Nebraska." (Def. Ex. 1, Olson Ex. Attach. A; Pl. Ex. 1, Jackson Aff. Ex. D).

9. The purchase order directed that all concrete would be mixed and batched in Garden City and delivered directly to the Garden City Regional Airport. (Def. Ex. 1, Olson Aff. Ex. A; Pl. Ex. 1, Jackson Aff. Ex. D).

10. The purchase order contained a blank acceptance date and signature line that were unmarked at the time the purchase order was sent to Concrete Industries. (Def. Supp. Ex. 1, Olson Supp. Aff. ¶ 3).

11. The purchase order had a line for entry of the date next to the word "Accepted" and a line for a signature next to the word "By." The directions on the purchase order indicated that it must be signed and the original sent back to Dobson Brothers. (Def. Ex. 1, Olson Aff. Ex. A; Pl. Ex. 1, Jackson Aff. Ex. D).

12. On October 11, 2005, the purchase order was signed by Concrete Industries and sent back to Dobson Brothers. (Def. Ex. 1, Olson Aff. Ex. A).

13. Dobson Brothers obtained and posted a payment bond from Western Surety in connection with the taxiway project. (Pl. Ex. 1, Jackson Aff. ¶5).

## STANDARD

Defendants allege improper venue because of an allegedly agreed upon forum selection clause. Plaintiff does not dispute that the forum selection clause is valid. Plaintiff instead argues

3

that the forum selection clause was never part of the parties' contract.

The application of a forum selection clause by a federal court sitting in diversity is determined under federal rather than state law. *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 28 (1988); *M.K.C. Equip. Co.*, 843 F. Supp. at 682. However, to determine if the forum selection clause is a part of the parties' agreement, the Court must apply state law. *Black & Veatch Constr., Inc.*, 123 F. Supp. 2d at 577.

When exercising diversity jurisdiction, a district court applies the choice of law rules of the state in which it sits. *Id.* The choice of law rule applied by Kansas is *lex loci contractus* (the place of making) and Kansas courts follow the rule that the contract is made where the last act necessary for its formation is performed. *Commercial Union Ins. v. John Massman Contracting*, 713 F. Supp. 1403, 1404-05 (D. Kan. 1989). The parties dispute which was the last act in the formation of the contract. The parties do not dispute, however, that once the initial bid was sent to Dobson Brothers in Nebraska, all other activity with regard to the contract was performed in Kansas. In addition, both parties believe Kansas law governs whether the forum selection clause is part of their contract.

Kansas choice of law rules allow for the enforcement of a forum selection clause in a contract. *Black & Veatch Constr., Inc.*, 123 F. Supp. 2d at 577. However, it is these very terms and conditions which plaintiff denies are a part of the parties' contract. Therefore, the Court will apply Kansas law to answer this narrow question.

## TERMS OF THE CONTRACT

Because this case involves the sale of goods, the Court will apply Article 2 of the UCC to determine the terms and conditions of the parties' agreement. K.S.A. § 84-2-102. "[A]n offer to make a contract shall be construed as inviting acceptance in any manner and by any medium

4

reasonable in the circumstances." K.S.A. § 84-2-206(1)(a). The UCC does not define what constitutes an offer so the Court must look to the common law rules. *See* K.S.A. § 84-2-206 (Kansas comment); K.S.A. § 84-1-103 (unless displaced by the U.C.C., common law supplements U.C.C. provisions). An offer is an expression of a willingness to enter into an agreement and must reasonably lead the offeree to believe that a power to create a contract has been conferred upon him. *Kansas Power & Light Co. v. Burlington N. R.R. Co.*, 740 F.2d 780, 786 (10th Cir. 1984). Plaintiff's July 2005 bid containing its terms for supplying concrete to Dobson Brothers constituted an offer to enter into a supply contract with Dobson Brothers.

Dobson Brothers' provision of the purchase order to plaintiff was an acceptance of plaintiff's bid. The purchase order, however, contained twenty terms and conditions that were additional to the bid made by plaintiff in July 2005. "[A]dditional terms are to be construed as proposals for addition to the contract. Between merchants such terms become part of the contract unless: . . . they materially alter it." K.S.A. § 84-2-207(2)(b). Both plaintiff and Dobson Brothers are merchants. *See* K.S.A. 84-2-104 ("'Merchant' means a person who deals in goods of the kind. . . ."). The forum selection clause was an additional term and that additional term constituted a material change to the bid made by plaintiff. *Transamerica Oil Corp. v. Lynes, Inc.*, 723 F.2d 758, 765 (10th Cir. 1983) ("The issue of whether a term materially alters the contract for the purposes of § 2-207(2)(b) is a question of fact that must be determined in light of the facts of the case and the parties' expectations."); *M.K.C. Equip. Co.*, 843 F. Supp. at 686 ("[A] forum selection clause contained in a confirmation, and not previously agreed to, constitutes a material alteration within the meaning of U.C.C. § 2-207."); *Wachter Mgmt. Co. v. Dexter & Chaney, Inc.*, 282 Kan. 365, 371, 144 P.3d 747, 752 (Kan. 2006) (finding that a "shrinkwrap agreement" which included a forum selection

5

clause, was a proposed material alteration). Because Dobson Brothers' additional terms were material alterations, they were merely proposals for addition to the contract.

"Proposed amendments that materially alter the original agreement are not considered part of the contract unless both parties agree to the amendments." *Wachter Mgmt. Co.*, 282 Kan. at 371, 144 P.3d at 752. The party must give express consent to the additional terms. *Id.* at 371-72, 144 P.3d at 752. Plaintiff argues that it never gave express consent to Dobson Brothers' additional terms. The facts indicate, however, that contractual acceptance of the purchase order was expressly conditioned on acceptance and return of the purchase order. The purchase order stated that "after acceptance," plaintiff was to return the purchase order to Dobson Brothers. An entry was made on the "acceptance" line and a signature was made on the "By" line. Plaintiff returned the purchase order, dated and signed, to Dobson Brothers. The purchase order also stated that plaintiff was to provide the materials "in accordance with the conditions and terms noted on the face and reverse side" of the purchase order. Therefore, plaintiff was fully informed concerning the forum selection clause when it signed its acceptance of the purchase order. As a result, plaintiff accepted the purchase order's terms and conditions when it dated, signed, and returned the purchase order to Dobson Brothers.

"A cardinal rule in the construction of contracts is to ascertain the intention of the parties and to give effect to that intention." *Mobile Acres*, 211 Kan. at 838. "In determining intent to form a contract, the test is objective, rather than subjective, meaning that the relevant inquiry is the 'manifestation of a party's intention, rather than the actual or real intention.' Put another way, 'the inquiry will focus not on the question of whether the subjective minds of the parties have met, but on whether their outward expression of assent is sufficient to form a contract. *Southwest and*

6

*Associates, Inc. v Steven Enterprises, LLC*, 88 P.3d 1246, 1249 (Kan. Ct. App. 2004).

It is clear that both parties intended the purchase order, with its terms and conditions, to be the reflection of their binding agreement. Plaintiff dated, signed, and returned the purchase order. The purchase order reflected the terms for the materials that plaintiff had proposed in its bid and the additional contract terms that Dobson Brothers proposed. The Court holds that the forum selection clause in the terms and conditions of the purchase order is a part of the parties' contract.

## FORUM SELECTION CLAUSE

The Supreme Court has stated that forum selection clauses are prima facie valid and should be enforced unless a party can show it is unreasonable under the circumstances. *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972); *K & V Scientific Co. v. Bayerische Motoren Werke Aktiengesellschaft*, 314 F.3d 494, 498 (10th Cir. 2002). Plaintiff has failed to show that enforcement of the forum selection clause would be unreasonable.

Forum selection clauses can be classified as either mandatory or permissive. *K & V Scientific Co.,*, 314 F.3d at 498. "Mandatory forum selection clauses contain clear language showing that jurisdiction is appropriate only in the designated forum. *Excell, Inc. v. Sterling Boiler & Mech., Inc.*, 106 F.3d 318, 321 (10th Cir. 1997). "In contrast, permissive forum selection clauses authorize jurisdiction in a designated forum, but do not prohibit litigation elsewhere." *Id.* "The use of the word 'shall' generally indicates a mandatory intent unless a convincing argument to the contrary is made." *Milk 'N' More, Inc. v. Beavert*, 963 F.2d 1342, 1346 (10th Cir. 1992). The forum selection clause in this case states: "This purchase Order and any claims or matters hereunder shall be governed by the laws of the State of Nebraska and any action pertaining to the Purchase Order shall be brought in the appropriate courts in Lancaster County, Nebraska." This is a

7

mandatory clause as it designates an exclusive forum and uses the word 'shall.'

Because the forum selection clause is a part of the contract and it is valid, a Kansas venue is improper. "When venue is improper, the court may, in the interests of justice, transfer the case to a district court in which it could have been brought." *United States ex rel. Tech Coatings v. Miller-Stauch Constr. Co.*, 904 F. Supp. 1209, 1214 (D. Kan. 1995); 28 U.S.C. § 1406(a); 28 U.S.C. § 1404. While both dismissal and transfer are available under 28 U.S.C. § 1406(a), transfer is the preferred course. *Id.* Courts generally use the standards under 28 U.S.C. § 1404 to evaluate transfers pursuant to a forum selection clause. *Stewart Org., Inc.*, 487 U.S. at 28; *Black & Veatch*, 123 F. Supp. 2d at 580. "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an individualized case-by-case consideration of convenience and fairness." *Stewart Org., Inc.*, 487 U.S. at 29 (citations omitted). This Circuit evaluates §1404 transfers under the following standard:

> Among the factors [a judge] should consider is the plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and, all other considerations of a practical nature that make a trial easy, expeditious and economical.

*Texas Gulf Sulphur Co. v. Ritter*, 371 F.2d 145, 147 (10th Cir. 1967). However, a forum selection clause will "be a significant factor that figures centrally in the district court's calculus" in a motion to transfer. *Stewart Org., Inc.*, 487 U.S. at 29. This Circuit generally gives deference to forum selection clauses except in cases showing an inconvenience so serious as to foreclose a remedy, bad

8

faith, overreaching or lack of notice. *Riley*, 969 F.2d at 958; *see also M.K.C. Equip. Co.*, 843 F. Supp. at 682; *Black & Veatch Constr., Inc.*, 123 F. Supp. 2d at 581 (a venue mandated by a choice of forum clause will usually outweigh the deference normally given to plaintiff's choice of forum). Plaintiff neither argues this issue nor claims any inconvenience, lack of notice or bad faith.

A surety has the same defenses as a principal. *Painters Local Union No. 171 v. Williams & Kelly, Inc.*, 605 F.2d 535, 539 (10th Cir. 1979) (holding that a surety's liability is coextensive with the liability of its principal). A surety can plead any defenses available to its principal but could not make a defense that could not be made by its principal. *United States v. Consol. Constr., Inc.*, No. 92-A-196, 1992 WL 164519, at *2 (D. Colo. June 25, 1992). Western Surety is also entitled to enforcement of the forum selection clause.

Considering all of the factors and arguments, the Court holds that the case should be transferred to the United States District Court for the District of Nebraska.

It is ORDERED that Defendants' joint Motion to Dismiss for improper venue (Doc. 11) be DENIED;

It is further ordered that the case be TRANSFERRED in accordance with 28 U.S.C. § 1406(a) to the United States District Court for the District of Nebraska;

It is further ORDERED that Defendants' joint motion requesting transfer pursuant to 28 U.S.C. § 1404(a) be DENIED as moot.

SO ORDERED this __17th__ day of May 2007.

s/Wesley E. B. Brown
Wesley E. Brown, U.S. Senior District Judge

ECF DOCUMENT
I hereby attest and certify this is a printed copy of a document which was electronically filed with the United States District Court for the District of Kansas.
Date Filed:
RALPH L. DeLOACH, CLERK
By: _____ Deputy Clerk